## Ackerman and others *vs.* Vail.

Where a district school meeting voted that the present school house should be sold at auction, and that a new one should be built on the same site—the contract therefor to be given to the lowest bidder; *held* a legal vote, and that it authorized the trustees, pursuant to *Stat.* 1841, *p.* 238, § 14, to raise by tax the amount to be paid the contractor, deducting the proceeds of the old house.

Error to Orange C. P. Vail sued Ackerman and three others before a justice, and declared in trespass for taking and selling a one horse harness. The case was as follows: On the 22d of March, 1844, a special school district meeting was held in school district No. 13 in the town of Warwick; the record of which meeting states, that "a motion was made to authorize the trustees to sell the old house to the highest bidder, and to cause a new one to be erected in its place, to be sold to the lowest bidder, and decided for building, six voting for and four against, as follows": then followed the names of the voters on each side of the question, showing the motion carried as above. "It was then unanimously resolved that said school house shall be eighteen feet by twenty-four (understood, including entry.) Resolved unanimously that the trustees cause a suitable necessary to be erected in connection with the school house." At a subsequent special meeting, a resolution was offered to reconsider so much of the former proceedings "as related to the place of erecting the new school house;" but the resolution was lost—nine voting for, and ten against it.

The trustees advertised the old school house for sale, and gave notice for bidders for building the new house and a privy—the new house to be 18 by 24 feet. The old house was sold to the highest bidder, pursuant to the notice, for $5,50: and the

lowest bidder—four master builders being present—took the contract for building the new house with its appendage at the sum of $249 : leaving a balance, after deducting the sum received for the old house, of $243,50. To collect that sum, the trustees issued a warrant and tax list—the plaintiff being taxed to the amount of $6,63 ; and the district collector levied on, and sold the harness in question to pay the plaintiff's tax. For that act, this action was brought against the three trustees and the collector.

The justice discharged the collector ; and the jury found a verdict in favor of the other defendants, on which the justice rendered judgment, which on *certiorari* by the plaintiff was reversed by the C. P. The defendants bring error

*J. W. Gott*, for plaintiffs in error.

*Westcott & Gidney*, for defendant in error.

*By the Court*, BRONSON, Ch. J. The objection made by the plaintiff is, that no definite sum was voted by the district meeting as a tax for building the new school house ; and as the law formerly stood the objection would have been fatal to the proceedings. (*Robinson* v. *Dodge*, 18 *John.* 351 ; *Trumbull* v. *White*, 5 *Hill*, 46.) But it is now provided, that when the trustees of any school district are required or authorized by law, *or by vote of their district,* to incur any expense for such district, they may raise the amount thereof by tax in the same manner as if *the definite sum* to be raised had been voted by a district meeting; and the same shall be collected and paid over in the same manner. (*Stat.* 1841, *p.* 238, § 14.) The words are clearly broad enough to cover the case. The trustees were authorized, by the vote of their district, to sell the old school house, and build a new one in its place ; in doing which, they would necessarily incur expense. The law limited the maximum expense for the new house to four hundred dollars. (1 *R. S.* 478, § 64.) And the vote of the district fixing the dimensions of the house, ard directing the work to be sold to the lowest

bidder, had the effect of restricting the expense to a much smaller sum. But if the district had left the whole to the dis-cretion of the trustees, and they had kept within the four hundred dollars, the act of 1841 would have authorized the raising of the money. It is said that the statute ought to be so construed as to confine its operation to small incidental expenses incurred by the trustees. But the language is general; and there is nothing which, upon any just principle of interpretation, will warrant us in restricting the provision to any particular class of expenses.

The judgment of the C. P. must be reversed, and that of the justice affirmed.

Ordered accordingly.