Enos *v.* Hulett.

————•●•————

## Enos *vs.* Hulett and others, trustees, &c.

The trustees of a school district have no right to lay a tax upon their district, under the act of March 26. 1849, establishing free schools, without first giving their district an opportunity to vote on the question.

The trustees have no right to assess the uncollected arrearages of a previous quarter, upon a subsequent quarter, without a vote of their district, directing it to be done.

When the trustees exempt indigent persons from the payment of teacher's wages, the amount of such exemptions must be assessed upon other persons liable to taxation, for the quarter or term in which the exemption is allowed.

THIS action was brought for the wrongful conversion of a plow and 50 pounds of sole leather, the property of the plaintiff, in April, 1850. The defendants denied the plaintiff's cause of action, and they also justified, as trustees of school district No. 22 in Johnstown, under a tax laid by them for teacher's wages for the term commencing about the 1st November, 1849, on taxable property according to the last assessment roll of the town, and to collect which they issued their warrant to John W. Mott, the collector, who took and sold the property. The cause was tried on the 19th of June, 1850, by jury, and a verdict was found for the plaintiff for $6,11, the value of the property taken, on which the justice gave judgment. The defendants appealed to the Fulton county court, where the judgment was affirmed in April, 1851. The defendants then appealed to this court.

*W. Wait*, for the appellants.

*McMartin & Fraser*, for the respondent.

*By the Court*, WILLARD, P. J. There was no evidence giving the defendants jurisdiction of the plaintiff, or authorizing them to impose a tax, or to issue their warrant. It does not appear that the plaintiff sent children to the school, or that he resided, or had property in the district during the period in which the tax accrued. It was admitted, however, by the plaintiff's counsel, that the tax list and warrant, relied on by the defendants, were regular on their face, and that if the trustees were authorized to levy the tax, without a vote of the district, the tax list and warrant would protect them. The warrant was dated 6th April, 1850, and signed by all the defendants as trustees, and to it was annexed a list of taxes against fifty-eight individuals, described as taxable inhabitants of the district, amounting in the aggregate to $115,85. The plaintiff is taxed $4,22 in that list. It was proved that the items composing the tax list were made up as follows : $10 for wood and cleaning school house ; $7,17 remaining uncollected in a rate bill for a previous term, and which had been assessed to individuals whom

Enos v. Hulett.

the defendants, in April, 1850, decided should be exempted from the tax; and the remainder was for teacher's wages which accrued between October 1, 1849, and April 1, 1850. The trustees did not call a meeting to act on the above items, or either of them, but made the estimates themselves. And the only question which fairly arises in the case is, whether the trustees were authorized to levy this tax, without a vote of the district.

I. At the time the warrant and tax list were made out, the act entitled " An act establishing free schools throughout the state," passed March 26, 1859, was in operation, and had been since the month of November, 1849. (*Laws of* 1849, *p.* 192, § 61.) The 8th section of that law repealed all laws and parts of laws inconsistent with the provisions of the act. It therefore repealed the power to collect by rate bill, given by the act of December, 1847, (*Laws of* 1847, § 82,) and it substituted a new mode of raising the necessary funds for carrying on schools. The third section provides that the trustees of school districts shall prepare an estimate of the amount of money necessary to be raised in the district for the ensuing year, for the payment of the debts and expenses to be incurred by said district for fuel, furniture, school apparatus, repairs and insurance of school house, teacher's wages and contingent expenses, exclusive of the public money, &c. &c. and shall cause printed or written notices thereof to be posted for two weeks previous to said meeting, upon the school house door and in three or more of the most public places in said district. The trustees are required to present that estimate to such meeting, and the legal voters of such district shall vote thereon for each item separately, and so much of said estimate as shall be approved by a majority of such voters present, shall be levied and raised by tax on said district, in the same manner as other district taxes are now by law levied and collected. The 5th section provides that the district meeting may adjourn from time to time if the trustees have omitted to make the estimate and post the notices required by law; and the 6th section enacts that if the district neglects to raise by tax the required sum, it shall be the duty of the trustees to repair the school house, purchase the necessary fuel, and employ a teacher for four months,

and the expenses shall be levied and collected in the manner provided by the third section. The defendants did not pursue any of the steps pointed out by the act, but laid the tax themselves, without giving the district an opportunity to vote upon the question. The defendants insist that the free school act, so called, is conformable to the constitution. This, however, is controverted by the plaintiff. But if the act be constitutional, the defendants showed no right to levy the tax, and consequently the judgment against them was right.

On its face the tax list seems to have been made out under the act of 1849, (the free school act.) It is a *tax list*, and not a *rate bill*. The answer sets up that they, the defendants, laid a tax for teacher's wages for the term commencing in November, 1849, according to the last assessment roll of the town, on which they issued their warrant, &c. The proof is, that the tax list was for $10 for wood and cleaning house, and $7,17, the balance of an uncollected rate bill of a previous quarter, which the trustees assessed upon the subsequent quarter, having just exempted the persons so charged, and the balance was teacher's wages from October, 1849, to April, 1850. The proof does not support this answer; and the answer, if true, does not state facts enough to constitute a defense.

II. But suppose the proceedings of the trustees were under the act of December, 1847, (*Laws of* 1847. *p.* 683,) and the free school act of 1849 had never passed, the defense is equally unavailing. The 82d section of the act of 1847 (*Laws of* 1847, *p.* 699, 700) empowers the trustees to exempt from the payment of the wages of teachers, either in part or wholly, such indigent persons within the district as they shall think proper, in any one quarter or term, and the same shall be a charge upon ·the district. They are to certify the exemptions, and deliver the certificate thereof to the clerk of the district, to be kept on file in his office. The fair construction of this is, that the amount of the exemptions should be assessed upon the other persons liable to taxation for the quarter or term, in which the exemption is allowed. Thus the exemptions in the quarter ending 4th October, 1849, should be assessed upon the assessment roll for

that quarter. But the trustees did not allow an exemption for that quarter, but issued the warrant for the whole sum. When the collector returned the warrant as uncollected as to $7,17, the trustees, at the end of the subsequent quarter, gave a certificate of exemption, and assessed the amount upon the persons liable to taxation in the subsequent quarter. The 84th section of the act provides for this case thus : " When by reason of the inability to collect any tax or rate bill, there shall be a deficiency in the amount raised, the inhabitants of the district *in district meeting* shall direct the raising of a sufficient sum to supply such deficiency by tax, or the same shall be collected by rate bill, as the case may require." The 109th section provides that when the trustees of any school district are required or authorized by law, or by vote of their district, to incur any expense for such district, and when any expenses incurred by them are made by express provision of law a charge upon such district, they may raise the amount thereof by tax in the same manner as if the definite sum to be raised had been voted by a district meeting, and the same shall be collected and paid over in the same manner. This section does not apply to the exemption of poor scholars, for that had already been provided for by the 84th section. It was made for cases where the exact sum could not be previously known, as the expenses of fuel and repairs, for example, when, after they have been voted by the district, the trustees may raise the amount, by a tax, in the same manner as if the exact amount had been determined by the vote. This was contrary to the former law. The 109th section of the act of 1847, supra, was copied from the 14th section of the act of May 26, 1841, (*Laws of* 1841, *p.* 238,) which received a judicial construction by the supreme court in *Ackerman* v. *Vail*, (4 *Denio*, 297.) Under the act for the better establishment of common schools, of the 15th of April, 1814, (*Laws of* 1814, *ch.* 192,) it was held that a definite sum must be voted by the district, as a tax on the inhabitants of the district, before the trustees could issue their warrant. (*Robinson* v. *Dodge*, 18 *John. Rep.* 351. *Trumbull* v. *White*, 5 *Hill*, 46.) The section in question (§ 109) justified the trustees in including the expense of wood, and clean-

ing the house, in the bill, but did not authorize them to include the $7,17, without a vote of the district.   The exemption of a poor scholar was not an expense incurred by the trustees, within the meaning of § 109.

In no view of the case, can the judgment be disturbed.   If the free school act was in force, and the warrant was issued under that act, it was void because the steps had not been pursued which that act required.   If the case is to be governed by the former law, the trustees were not warranted in assessing upon a subsequent quarter, the uncollected arrearages of a previous quarter, without a vote of their district.   When the trustees exercise their power of exemption, the assessment must be upon the persons taxable in the same quarter.

Judgment affirmed.

[WARREN GENERAL TERM, May 3, 1852.   *Willard, Hand, Cady* and *C. L. Allen,* Justices.]