ROBERTS, survivor, &c. *vs.* FISHER and others.

An agreement by a creditor to take the note of a third person in payment of his debt, with the actual transfer of the same, and a written acknowledgment that it is so taken without recourse, on account of the creditor's claim, furnish sufficient grounds for the jury to find that the note was taken at the risk of the creditor. If so, the receipt of the note is a payment of the claim, and an extinguishment of the right of action thereon.

APPEAL by the plaintiff from a judgment entered upon the verdict of a jury. The action was brought by the plaintiff as survivor of the firm of Roberts & Cathell, to recover a balance due from the defendants upon a sale of merchandise. The defense set up in the answer was that the merchandise was sold upon a special agreement that the same should be paid for, to the full amount thereof, by promissory notes of third parties. That they have paid for said merchandise in promissory notes, except $140.70, which they paid in cash.

The jury found a verdict in favor of the defendants, and the plaintiff appealed.

The facts are stated in the opinion.

*N. B. Hoxie,* for the appellant.

*W. E. Curtis,* for the respondents.

*By the Court,* J. F. BARNARD, P. J. The plaintiffs sold goods to the defendants, to be paid for in business paper, the notes of third parties, which should be pronounced satisfactory by the plaintiffs. Under this arrangement, about the 7th of April, 1861, the defendants proposed a note made by Homer Rice & Co. for $377.75, for the plaintiffs' acceptance. On the 2d of April, 1861, the note was declared satisfactory by the plaintiffs. The defendants promised to send the note by mail, or bring it to New York at their next visit. On the 17th of April, 1861, the note was transferred by the defendants to the plaintiffs by

indorsement, and a receipt taken therefor without recourse, on account. On the 16th of April, 1861, Homer Rice & Co. stopped payment, which fact was not known to either party. The jury found for the defendants.

The evidence of the agreement to take the note in payment, with the actual transfer of the same, and the written acknowledgment that it was so taken without recourse, on account of the plaintiff's claim, furnish sufficient grounds for the jury to find that the note was taken at the risk of the plaintiffs. If so, the receipt of the note was a payment of the claim, and an extinguishment of the plaintiff's right of action. (3 *E. D. Smith*, 66.)

The judgment should therefore be affirmed, with costs.

[NEW YORK GENERAL TERM, November 2, 1868. *J. F. Barnard, Cardozo* and *Ingraham,* Justices.]