Comstock, J.
 

 By the terms of the sale note, the defendant “sold” to the plaintiffs the fifty casks of bleaching powders “ to arrive ” by the vessel Emma Field, to be paid for on delivery in the paper of Leggett Brothers. On the part of the appellants it is insisted that this contract passed the title immediately to them as the purchasers. We are clearly of opinion that the title was not intended to pass until the goods should arrive and be delivered, in other words, that the sale was in its nature executory. But this is not a material question. The goods were to be delivered for immediate payment, and the defendant was not bound to make delivery on any other terms. The agreement was to be performed , by each party simultaneously. If, therefore, the terms of the agreement had been such, and the goods had been so situated in respect to their designation and separation from others of the same kind that the title could pass, still the defendant was not bound to part with the possession unless he was also bound to accept in payment the notes of Leggett Brothers. Those two questions are identical. If the notes of Leggett Brothers were rightfully tendered, that firm having failed before the goods arrived, and if the defendant ought to have accepted them, then he violated the agreement in refusing to deliver. If
 
 *590
 
 otherwise, then he is not guilty of the violation and th*j action cannot be maintained. This, is, therefore, the true question to be examined.
 

 The ingenious argument of the appellants’ counsel nas failed to convince us that the action will lie. The defen dants was not bound to part with his property and accept in payment the notes of an insolvent firm, such insolvency having occurred, or at least having been ascertained, after the sale and before the time of delivery. If the goods had been delivered without any qualification before the insolvency had happened or become known, then it is clear that the vendor could have, under and upon the contract, no other remédy for the price than to accept the note.
 
 (Des Arts
 
 v.
 
 Leggett, ante,
 
 582.) ‘ But it is a very different question whether he was bound to perform the contract and deliver the goods after the firm whose notes were to be accepted had failed. The agreement was executory, as we have said, in respect to title: it certainly was in respect
 
 t<
 
 the delivery; and before the time for performance arrived the essential consideration on which it was based had failed It is true that the sale, looking only at the precise letter
 
 oí
 
 the contract, was not defeasible in the event which occurred But when the parties contracted, the firm of Leggett Bro tliers was in good credit and was supposed to be solvent Their notes were to be accepted as payment, but the ability of that firm to give good notes was assumed, and was really the consideration of the defendant’s engagement to sell and deliver the goods. It seems hardly necessary to observe that the words in the agreement, “without recourse,” only mean that there was to be no recourse after the notes should be accepted.
 

 The analogies to be derived from the law of stoppage
 
 in transitu
 
 are perhaps not perfect, but they are, I think, sufficiently near to furnish a rule for the present case. Where goods are sold to be paid for in the notes of the buyer, and he becomes insolvent before the delivery is complete, the
 
 *591
 
 seller may arrest the delivery and rescind the sale. Such is the right of the seller, although in such cases the title to the goods has passed by the sale, and they are placed at the buyer’s risk by being put in transit. But this is a right which violates the mere forms of the sale. There is nowhere in the terms of the contract any such condition. The law implies it, because the assumed ability of the buyer to pay for the goods was the inducement to the sale. The principles involved in this branch of the law, it seems to me, carry us somewhat farther than it is necessary to go in order to exonerate the seller from his contract, where he is to accept the obligations of a third person, and the insolvency occurs before the goods are put in transit and while the contract remains strictly executory.
 

 The question in this case appears to have been fully decided in
 
 Roget
 
 v.
 
 Merrit
 
 (2
 
 Caine,
 
 117). In that case the agreement was to sell two hundred and twenty barrels of flour and to accept in payment the note of one Lyon, who failed after the agreement was made, but before either the flour or the note was delivered. The day after Lyon’s failure the note was tendered and the flour demanded, which the defendants refused to deliver, and the suit was brought for the non-delivery. Some other objections to a recovery were suggested, but they were either not considered or were overruled, and the judgment of the court was placed very distinctly on the ground that the sellers were not bound to deliver the flour in consequence of the insolvency of the maker of the note. Judge Spencer observed: “In this case I hold there was a valid contract, executory in its nature, but before the period of its execution arrived the consideration agreed to be given by the plaintiff wholly failed, in the insolvency of Lyon. The offer by the plaintiff to pay in the note of a bankrupt was not an offer of payment.” This decision was in accordance with the reason and justice of the case, and we are content to follow it.
 

 The judgment should be affirmed.
 

 
 *592
 
 Selden and Roosevelt, Js., dissented; all the othei judges concurring,
 

 Judgment affirmed.