## AMOS R. PARDEE *vs.* DAVID FISH.

Upon a certificate of deposit, payable to the order of the depositor, in current funds, on the return of such certificate, with interest, which is indorsed and transferred by the depositor, an action can be maintained by the indorsee, against the indorser, after demand of payment at the bank and notice of dishonor.

A JURY having been waived, the parties proved before the court that on the 11th day of May, 1872, the People's Savings Bank, the People's Safe Deposit and Savings Institution of the State of New York, at Syracuse, issued to the defendant a certificate, in the following words, viz.: "Mr. David Fish has deposited in this bank six hundred and one dollars, payable to the order of himself in current notes, on the return of this certificate, *with interest* at seven per cent. per annum."

That on the 5th of June, 1872, Fish indorsed and transferred the same to the plaintiff; that on the 11th day of September, 1872, said bank suspended; that on the 12th of September it was declared a bankrupt; and that on the 24th of December, 1872, the plaintiff caused a demand and protest to be made, and a notice of dishoner to be given to the defendant.

*George Barrow,* for the plaintiff.

*Lyman & James,* for the defendant.

HARDIN, J.   If the instrument upon which the defendant placed his indorsement is a promissory note, draft or bill of exchange, and the notice was given him of its dishonor, the principle of *Merritt* v. *Todd* (23 *N. Y.*, 28,) would justify the court in holding that the defendant placed his name upon a lasting security, and was therefore liable.

That case was not followed in *Howland* v. *Edmonds*, (24 *N. Y.*, 307,) nor was it anywhere referred to in the opinion of the court, either in the Court of Appeals, or in the opinions delivered in the General Term in this district.   (33 *Barb.*, 433, *S. C.*)

*Merritt* v. *Todd* has been very much criticized and commented upon — not to say questioned — in subsequent cases.   (36 *Barb.*, 637.   41 *N. Y.*, 587, *by* FOSTER, J.   29 *id.*, 172, *by* MULLIN, J.   47 *id.*, 519, *by* PECKHAM, J.   50 *Barb.*, 334, *by* BALCOM, J.)

These cases do not, in terms, overrule *Merritt* v. *Todd*, but they shake the reasoning, somewhat, of the very accomplished jurist who delivered the leading opinion of the court.   They hold that the case is an authority to be limited rather than enlarged.

By these cases it seems to be settled that a demand note, with or without interest, is liable to have applied to it the statute of limitations, as from its date rather than from the time of a demand.   (*See opinion of* PECKHAM, J., 47 *N. Y.*, 520.)

The instrument which was transferred to the plaintiff by the defendant was, in terms and in legal effect, a certificate of deposit.   It, in terms and effect, resembles the one considered by MULLIN, J., in his very exhaustive opinion in *Payne* v. *Gardner*, (29 *N. Y.*, 168.)

It was evidence of a deposit, not a loan to the bank. As was held in *Hotchkins* v. *Mosher*, (48 *N. Y.*, 478,) it was an evidence of debt, in the nature of a receipt. (*See opinion of* LEONARD, J., *id.*)

It was held that the indorser of such an instrument,

merely gave to the transferee an equitable assignment, in the case of *Patterson* v. *Poindexter*, (6 *Watts & Sergeant*, 227. *S. C.*, 6 *Law Reporter*, 541.) The certificate in that case is like the one here, in every essential particular, except that it was payable twelve months after date, whereas the one here is payable upon its return.

The reasoning of GIBSON, J., is, however, equally applicable to the instrument under consideration. He says: "For purposes of transfer merely, it was payable to order; for purposes of commercial responsibility, it was not negotiable. It was a special agreement to pay the deposit to any one who should present the depositor's order, attended by the certificate." (6 *L. R.*, 546.)

That case was decided by the Supreme Court of Pennsylvania in 1843, and was cited in the very able argument of the late Chief Justice Chase, while at the bar, in the case of *Miller* v. *Austin et al.*, (13 *How. U. S. Rep.*, 218.)

In this last case, CATRON, J., in delivering the opinion of the court upon a certificate very like the one here, says: "Every reason exists why the indorser of this paper should be held responsible to his indorsee that can prevail in cases where the paper indorsed is in the ordinary form of a promissory note; and as such note, the state courts generally have treated certificates of deposits payable to order." And he concludes that the plaintiff, the holder, was entitled to recover against the indorser, to whom notice was given upon the day when, by its terms, the certificate he had indorsed was payable.

In *Barnes* v. *Ontario Bank and Hollister*, (19 *N. Y.*, 152,) which originated in this district, it was held that a *bona fide* holder of a certificate of deposit could recover against the bank, though the cashier had put the certificate in circulation with the fraudulent design of diverting the funds of the bank; and that an indorser was

also liable upon such certificate.   It is said by the court, at page 159, that "a certificate is a promissory note;" and again, at page 168, that "the certificate was a negotiable instrument."   *    *   (*Opinion of* ALLEN, J. *Also see* 2 *Hill,* 295, 3 *Comst.,* 19.)

It was urged by the learned counsel for the defendant, that although the instrument in question should be held to be a promissory note, still that the demand and notice of protest were not made within a reasonable time, and therefore the indorser was discharged by the laches of the holder.

Had the instrument been without *interest, Alexander* v. *Parsons* (3 *Lans.,* 333,) would have been an authority supporting the defence.   JOHNSON, J., in delivering the opinion, refers to *Merritt* v. *Todd,* (*supra,*) and concludes that in case of a note payable without interest, "payment must be demanded of the maker before the time has arrived at which the note will be regarded as overdue and dishonored."   (*Id., p.* 337.)

The distinctions pointed out in *Alexander* v. *Parsons,* and in *Wheeler* v. *Warner,* (47 *N. Y.,* 519,) from the case of *Merritt* v. *Todd,* do not exist in this case, and such respect is due to *Merritt* v. *Todd,* and *Miller* v. *Austin,* (*supra,*) as to require this court to follow them, and the principles established by them, in disposing of this case.

Judgment is ordered for the plaintiff.(*a*)

[ONONDAGA SPECIAL TERM, May, 1873.   *Hardin,* J.]

(*a*) *Affirmed* at a General Term in 4th Department, and subsequently by Court of Appeals.   See 60 *N. Y.,* 265.