COSMORE G. BRUCE *against* J. B. BURR AND G. M. HYDE.

Defendants, in consideration of the delivery to them of the note of a third party, agreed to sell and deliver to plaintiff, goods of certain specified kinds, the amount of each kind to be thereafter selected by the plaintiff, the whole to equal in value the face of the note. After a portion of the goods had been delivered, and before the balance had been selected or set apart from the defendants' general stock, the note fell due and was not paid, and defendants then learned, for the first time, that at the time it was delivered to them the maker of the note was insolvent. *Held,* that as to the goods not yet delivered, the contract was executory, and that the consideration of the contract having failed, they might refuse to deliver any more goods.

APPEAL by defendants from a judgment of this court, entered on the report of a referee to hear and determine.

The facts are stated in the opinion.

*S. E. Church,* for appellants.

*Geo. W. Van Slyck,* for respondent.

LARREMORE, J.—On April 7th, 1871, the defendants agreed with the plaintiff, under the name and style of the American Book Company, to sell and deliver to him certain books or publications, to the amount of $2,975 50, in such manner and at such times as required by plaintiff, and for the prices in said contract provided. In payment therefor the plaintiff tendered the note of a third party, representing the same to be good, and that he would guarantee it would be paid at maturity, which note was received and accepted by the defendants. Prior to the maturity of the note some of the goods ordered by the plaintiff, in pursuance of said contract, were delivered by the defendants according to the terms thereof. The note was not paid when due, and defendants then discovered that the maker thereof was insolvent at the time of its delivery to them. They thereupon refused to deliver any more books under said contract; and for the alleged breach thereof this

action was brought, and from the judgment rendered therein against them this appeal was taken.

There is one point in this case which, in my judgment, summarily disposes of this appeal.

The contract between the parties called for the sale and delivery of books or publications when ordered. They had not been selected and separated as a distinct lot, but were to be published by or of the publications of the defendants, and issued in various styles of binding, &c., as ordered and indicated by the plaintiff.

It must be inferred from the evidence that both parties believed said note to be good; but the referee, in his report, finds, as a question of fact, that it was not good, nor was the maker thereof responsible at the time of its delivery to the defendants.

It is difficult to distinguish this case in principle from *Benedict* v. *Field* (16 N. Y. 595) and *Roberts* v. *Fisher* (43 N. Y. 159), and cases there cited.

The contract, though executed as to the goods already delivered, was executory as to the goods thereafter to be ordered. The consideration of said contract had entirely failed, and the defendants, already at a loss on this account, had a right to protect themselves against any further damage.

I incline to a liberal construction of the theory laid down by the Court of Appeals, in *Roberts* v. *Fisher*, that "upon broad principles of justice, it would seem that a man should not be allowed to pay a debt with worthless paper, though both parties supposed it to be good."

The judgment appealed from should be reversed, and a new trial ordered, with costs to abide event.

DALY, Ch. J., and ROBINSON, J., concurred.

Ordered accordingly.