## THE FIRST NATIONAL BANK OF UNION MILLS, APPELLANT, *v.* JUDSON H. CLARK, RESPONDENT.

*Certificate of deposit — when a promise to pay will be implied therefrom — what facts establish a transfer thereof.*

On December 5, 1882, the defendant, a private banker, discounted a note for $3,500, made by Knox Brothers to, and indorsed by, Sliney & Whelan, upon the oral understanding that the proceeds should not be paid until the fifteenth of the month. The detendant's cashier then gave to Sliney & Whelan an instrument in the following form: "Deposited by Sliney & Whelan with Judson

H. Clark, banker, Scio, N. Y., December 5, 1882; discount $3,412.50." On the same day this instrument was delivered by Sliney & Whelan to the plaintiff, at its bank, with a check for $3,412.50, drawn by them upon the defendant, payable to their own order ten days after date, and indorsed by them, the plaintiff then paying to them that amount, less interest for thirteen days. Knox Brothers and Sliney & Whelan having failed before December fifteenth, and the defendant having failed to pay the amount named in the instrument to the plaintiff, this action was brought to recover the same.

*Held*, that the certificate *prima facie* represented an undertaking on the part of the defendant to pay the sum mentioned in it to the depositors on demand, and that a transfer of the certificate would transfer all the right possessed by the depositors against the defendant in respect to the deposit.

That even if this were not so, yet as the evidence produced upon the trial was sufficient to enable the jury to find that the intention of the parties to the transaction was to effect a transfer of the claim against the defendant, from Sliney & Whelan to the plaintiff, and that this transfer was made, the court erred in directing a nonsuit upon the ground that the plaintiff had failed to show an assignment of the claim.

APPEAL from a judgment, entered on a nonsuit directed at the Allegany Circuit.

The defendant was a private or individual banker at Scio, N. Y. The evidence tends to prove that on the 5th day of December, 1882, Sliney & Whelan indorsed and presented a note, made by Knox Brothers for $3,500, to the defendant's bank for discount, and that it was there discounted with the oral understanding that the proceeds should not be paid until the fifteenth of the month, and thereupon the defendant's cashier gave to Sliney & Whelan a deposit check or certificate in the following form:

"DEPOSITED BY SLINEY & WHELAN

WITH

JUDSON H. CLARK, BANKER,

*Scio, N. Y., December 5th*, 1882.

Discount, $3,412.50.

F. M. BABCOCK."

That on the same day this deposit check was delivered by Sliney & Whelan to the plaintiff, at its bank, and with it a check drawn by them upon the defendant, payable to their own order ten days after its date, and indorsed by them for $3,412.50, was also delivered to the plaintiff; that the plaintiff then advanced or paid to

them that amount, less interest for thirteen days; that on the seventh December the two checks were inclosed by the plaintiff to the defendant in a letter asking return in New York exchange, and on the nineteenth they were returned by the defendant to the plaintiff with the statement that there were "no funds to meet it," and that afterwards the defendant refused, on presentation of the checks and on demand, to pay the amount to the plaintiff. It also appeared that after the deposit check was made, and prior to the fifteenth December, Knox Brothers and Sliney & Whelan failed and made a general assignment for the benefit of their creditors. The defendant's motion for a nonsuit, on the ground that the plaintiff had failed to show an assignment of the claim from Sliney & Whelan to it, was granted and the plaintiff excepted.

_Ansley & Davie_, for the appellant.

_Rufus Scott_, for the respondent.

BRADLEY, J.:

The question presented here is whether the evidence was sufficient to permit the conclusion that the plaintiff derived from Sliney & Whelan title to the alleged claim against the defendant for the amount of the deposit. Assuming that Babcock represented the defendant in making it, the certificate was in effect an acknowledgment by the latter that the sum mentioned had been deposited in his bank, in the manner so indicated. This certificate contains no express promise to pay, and it is, therefore, contended that it is nothing more than a mere receipt in its legal import and effect.

In _Hotchkiss_ v. _Mosher_ (48 N. Y., 482), it was remarked by LEONARD, C., that "a simple certificate" (like the one there in question) "is not the basis of an action, like a promise in writing, but would be evidence like a receipt to raise an implied promise to pay, in an action for money had and received." And Daniel, in his work on Negotiable Instruments, has adopted the same proposition. (Sec. 1704.)

In that case the action was brought to recover for the alleged conversion of some promissory notes, to which the plaintiff claimed title. One question raised was whether the plaintiff had paid the defendants for the note. It appeared that for a portion of the sum

claimed to have been paid, the defendants had given the plaintiff a certificate to the effect that he had deposited such amount with the defendants. And it was held that parol evidence was competent to prove that the money for which the certificate was made was, in fact, received in payment for the notes. The learned judge there said the certificate " contained no promise on the part of the defendants, and if it had, the portion which operated as a receipt for money was quite as capable of separation from that part which evidenced a contract as in the case of a bill of lading." The question whether a promise would be implied in such a certificate to pay, was not in *Hotchkiss* v. *Mosher*.

So far as it contained the elements of a receipt, merely as such, it was treated as subject to explanation and modification by parol evidence, and this was clearly right as there illustrated. (*Meyer* v. *Peck*, 28 N. Y., 590; *Abbe* v. *Eaton*, 51 id., 410.) But the instrument here is *prima facie* evidence that the amount stated in it was received by the defendant as a deposit and, therefore, the certificate furnished the evidence of an implied obligation of the defendant to pay the amount to the depositors, or to those succeeding to their rights.

In *Payne* v. *Gardiner* (29 N. Y., 146; affirming S. C., 39 Barb., 634) an action was supported upon a certificate containing no express promise to pay; and see *Pardee* v. *Fish* (60 N. Y., 265; affirming 67 Barb., 407). In none of these cases was the question here necessarily considered, although it was somewhat involved in the facts upon which *Payne* v. *Gardiner* was determined.

In *Long* v. *Strauss*, recently decided by the Supreme Court of Indiana (reported in 6 N. E. Rep , 123; 7 id., 763, and in 34 Alb. Law Jour., 71 and 152), it was held that a mere certificate of deposit was a contract, having the effect of an acknowledgment of receipt of money and a promise to pay it, although no promise was expressed ; and in *Smiley* v. *Fry* (100 N. Y., 262) the character of a certificate of deposit, as distinguished from a promissory note, and a deposit, as distinguished from a loan, are considered.

We think the certificate in question *prima facie* represented an undertaking on the part of the defendant to pay the sum mentioned in it to the depositors on demand. It declares that they have deposited such amount with the defendant; the law supplies by implication

such undertaking. In that view a transfer of the certificate would have the effect to transfer all the right possessed by the depositors against the defendant in respect to the deposit. But without treating the certificate as a contract to pay on demand there was sufficient in the evidence to send the case to the jury. It was necessary, to the support of the action, to find a transfer to the plaintiff of the claim against the defendant. The check drawn by Sliney & Whelan, and delivered to the plaintiff, not having by its terms been drawn on a particular fund, did not operate as an equitable assignment of the claim within the law of this State. (*Attorney General* v. *Continental Life Ins. Co*, 71 N. Y., 325.) The rule is otherwise, in some of the other States, when the check or draft in fact covers and corresponds in amount with the entire fund in the hands of the drawee.

The evidence given of the transaction between the depositors and the plaintiff, was susceptible of a construction, and permitted the conclusion, that a transfer of the claim was made to the plaintiff in any view which may be taken of the nature of the certificate of deposit. It is sometimes designated in the evidence as a deposit check.

The member (Sliney) of the firm who did the business says he took this deposit check to the plaintiff, and gave the firm check on the defendant banker to it; that at the time he transferred the claim to the plaintiff, he transferred the deposit check to it, and the plaintiff's cashier gave him the money on it. And on his cross-examination he is asked: "By transferring this deposit check, you mean you simply delivered it to Mr. Sill? A. Yes sir; I got the money on it. Q. Did you do anything more? A. I gave him the check on Mr. Clark's bank." And Sill, the plaintiff's cashier, says that Sliney came to him at the bank, talked about a claim he had against the defendant's bank, produced the deposit check, and said he had so much money in his bank, the proceeds of a note discounted there, had agreed to wait ten days, and wanted to use the money, and wished to have the plaintiff "discount those papers; and I let him have the money." And then follows: "Q. What did you discount, the claim or the check? A. The claim. Q. Then you purchased the claim that he then stated he had against Clark? A. Yes, sir. Q. What was the check given for? A. To draw the money."

There was sufficient to enable the jury to find that the intention of the parties to the transaction was to make and take a transfer of the claim against the defendant, and that it was consummated by them. No formal words of transfer were requisite to produce such result. It will answer if the transaction was characterized by the evidence as such. The plaintiff paid substantially the full amount of the claim. The money advanced did not necessarily purport to be a loan to Sliney & Whelan, but may be construed as payment for the claim represented by the deposit, the delivery and taking the certificate of deposit as the evidence it furnished of the claim, and the check as the means to enable the plaintiff to draw the amount of it from the defendant's bank. At all events, the jury were authorized to so infer.

It appears sufficiently for that purpose by the evidence of both Sliney and Sill, that they assumed that the claim was transferred to the plaintiff, and that the latter took title to it. The united understanding of those parties to that effect, in view of the purpose and circumstances of the transaction, was sufficient to fairly present that question. And the evidence may be so construed as to permit the conclusion that their minds met at the time in that respect, and produced such result, and for that purpose effect is to be given to the transaction itself, as well as to the words used to ascertain what they intended to and did accomplish. All which, as well as the matter of credibility of the witnesses, were for the jury. (*Risley* v. *Phenix Bank*, 83 N. Y., 318.)

The evidence was also sufficient to permit the jury to the find that person who received the note at the defendant's bank and made the certificate of deposit was authorized to do so, and represented the defendant in what he did, and that the certificate was that of the latter for the purposes for which it purported to have been made.

These views lead to the conclusion that the case should have gone to the jury on the evidence as it stood when the motion for nonsuit was made and granted. No facts now appear to render the failure and consequent insolvency of the makers and indorsers of the note, alleged to have been discounted by the defendant, important.

Other considerations might arise if the discount of the note had not become perfected before such failure, but existed in executory agreement until after it occurred. (*Benedict* v. *Field*, 16 N. Y.,

595 ; affirming S. C., 4 Duer, 154.) But, on the evidence presented by the record, there is no support for the contention that the agreement to discount the note and give credit for the proceeds remained in executory agreement of the parties to that transaction at the time of such failure, and it is unnecessary to give that question any consideration.

The judgment should be reversed and a new trial granted, costs to abide the event.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event.