Gilbert *v.* Luce.

---

### Gilbert *vs.* Luce and others.

A deputy sheriff is an *officer*, within the provisions of the revised statutes relating to the appointment and resignation of officers.

A deputy sheriff may resign his office, which becomes *ipso facto* vacant by such resignation.

Such resignation need not be under seal.

The statute does not leave any option with the sheriff to accept the resignation of his deputy, or not. When such resignation is received by the sheriff,

the deputy ceases to hold his office, and his sureties are not responsible for any acts of his, done thereafter.

The liability of the sureties in a bond given to the sheriff by his deputy, will not be discharged by the sheriff's receiving a new bond from the deputy and continuing him in office, after his resignation; without making any new appointment, or the deputy taking the oath of office anew.

Where a cause is tried by the court, a jury being waived by the parties, the finding of the judge is conclusive as to all questions of fact, where there is *any evidence* upon the fact.

THIS was an appeal by the plaintiff from a judgment of non-suit entered at the circuit. The action was brought by the plaintiff, late sheriff of the county of Oswego, upon the bond given to him by the defendant Luce, his deputy, and the other defendants as sureties. The breaches assigned were various neglects of duty by Luce, in not returning executions delivered to him, or paying over the moneys collected thereon, for which neglects of duty the plaintiff had been made liable.

The defendants alledged in their answer that after the execution of the bond, and before the rendition of the judgments recovered against the plaintiff for the defaults of Luce, Luce resigned to the plaintiff his office of deputy sheriff, at the request of his sureties, of which the plaintiff had notice, and that the defendants were from that time discharged from all liability as the sureties of the said Luce. That after such resignation the said Luce, to wit, on the 11th day of May, 1838, procured another bond for the faithful discharge of his office as deputy of the plaintiff and delivered the same to the said plaintiff in lieu of the bond sued on, a copy of which substituted bond was set forth in the answer. That the plaintiff permitted Luce to act as deputy sheriff solely on the indemnity which the substituted bond secured to him, and not by reason of the bond prosecuted in this action.

The cause was tried by the court without a jury; a jury having been waived by the parties.

*A. P. Grant,* for the appellant.

*E. Allen,* for the respondents.

Gilbert v. Luce.

*By the Court*, GRIDLEY, J. This is an action at the suit of the plaintiff, late sheriff of the county of Oswego, upon the bond executed by Stephen Luce, his late deputy, with four sureties, and dated on the first of January, 1838. Stephen Luce having been appointed a deputy, and having taken his official oath and given his official bond, entered upon the duties of his office. On the nineteenth of April following his appointment, he addressed to the plaintiff the following letter : " Sir, from circumstances beyond my control, I am under the necessity of resigning the office of deputy sheriff, to which you have seen fit to appoint me, and I hereby take this opportunity of resigning the same to you. (Signed,) STEPHEN LUCE." There was a postscript to this letter in the following words : " P. S. I have this day had an interview with the gentlemen who have signed my bond, and a majority of them manifested a desire that I should relieve them from any further liability in this matter. In consequence of the recent occurrence of which you are aware, and as a matter of course I have consented. It is possible that I may obtain another bond, and if I do, I should like a re-appointment, if you should accept the above resignation. Respectfully yours, S. LUCE." On the eighth of the following month, Luce did procure and deliver to the plaintiff another bond, executed by himself and his sureties, which was accepted by the sheriff; and Luce either resumed or continued to perform the duties of deputy sheriff. The defendants then proved by H. F. Noyes, that in 1842, at the request of one of the defendants, (a surety on the first bond,) he inquired of the plaintiff, if Luce had resigned his office of deputy sheriff; to which he answered that he had, and that Luce had procured other bail, and that he had continued him in office. He asked him for a copy of the resignation, to which he replied that it was mislaid.

Upon the evidence the judge nonsuited the plaintiff ; and the question is whether that ruling was right.

(1.) We think it clear, beyond a doubt, that a deputy sheriff is an *officer*, within the provisions of the revised statutes relating to the appointment and resignation of officers. It is enacted (1 *R. S.* 372, § 84, 85,) that " any sheriff may appoint such and

so many deputies as he may think proper," and "every appointment of an under sheriff or of a deputy sheriff shall be in writing, under the hand and seal of the sheriff, and shall be filed and recorded in the office of the clerk of the county. And any such under sheriff or deputy sheriff shall, before he enters on the execution of the duties of his office, take the *oath of office* prescribed by the constitution." That oath is found in the sixth article of the constitution of 1821, and concludes as follows : "And that I will faithfully discharge the duties of the *office* of —— according to the best of my ability." There is in the form prescribed, a blank left for the name of the office, which must be filled in this case with the words, " *deputy sheriff.*" Again, it is provided, (1 *R. S.* 107, § 5,) that "all assistants, deputies, and *other subordinate officers* (whose appointment shall not be specially provided for,) shall be appointed by the body, board, or officer, to which, or to whom they shall be respectively subordinate." Again, the very condition of the bond, on which the plaintiff sues, is that " Stephen Luce shall well and faithfully execute the *office* of deputy sheriff of the county of Oswego ; a designation of the character of the trust, which the plaintiff is estopped from denying.

.(2.) It is equally clear that a deputy sheriff may resign his office. Which becomes ipso facto vacant by such resignation. The thirty-sixth section of the act concerning resignations, vacancies, and removals, &c. declares that resignations may be made "by all officers, (other than such as have been enumerated,) to the body, board, or officers that appointed them." (1 *R. S.* 111, § 36, *sub.* 8.) Section 37, sub. 21, declares any office vacant on the resignation of the incumbent. Now, in the case at bar, the defendant Luce resigned his office on the nineteenth of April, 1838, and his resignation was accepted by the plaintiff, as is clearly proved by his own admission. An old rule has been cited that requires a resignation to be under seal when the appointment is under seal. But in this state, the acts of appointing and resigning are regulated by statute, and there is no such requirement to be found in any of the provisions on the subject. A seal is not necessary to the act of

Gilbert *v.* Luce.

resignation; nor does our statute leave any option with the sheriff to accept or not. The act of resignation is the act of the deputy; and when he does the act, the office becomes vacant. When, therefore the resignation was received by the sheriff, in this case, the defendant Luce ceased to hold the office of deputy sheriff, and his sureties ceased to be responsible for any act of his, done thereafter. It was entirely right that the sheriff should keep the first bond, for his protection against any liability already incurred.

It can not affect the liability of the defendant on this bond, that the sheriff, on receiving the new bond, continued Luce as a deputy, without making any new appointment, or the deputy taking the oath of office anew; the sheriff can not take advantage of his own omission of duty to the prejudice of the obligors who had signed the first bond. Nor is the idea to be entertained that the sheriff took the second bond as an additional security instead of a substitute for the first. He knew by the postscript to the letter of resignation, that Luce had consented to resign because some of his bail were unwilling to remain liable any longer. There is not a particle of proof that the second bond was executed to afford the plaintiff additional security; but all the evidence tends to show the exact contrary. The fact that S. V. Schaick, who was a surety on the first bond, became surety on the second, is decisive evidence that the latter was not intended to be held by the sheriff as additional security. On this point the decision of the judge is final. The cause was tried by the court, the parties having waived a trial by jury. And as to all questions of fact, where there was *any evidence* on the point, the finding of the judge is conclusive.

The judgment must be affirmed.

[Oswego General Term, May 5, 1851. *Pratt, Gridley, Allen* and *Hubbard,* Justices.]