Bentley *v.* Phelps.

———•◦•———

BENTLEY and others, commissioners of highways of the town of Bristol, *vs.* PHELPS.

Although an individual elected to the office of overseer of highways, omits to file in the office of the town clerk a notice of his acceptance of the office, yet, coming into office under color of title by a lawful election, if he proceeds to execute the duties of the office, he will be an officer *de facto*, and his acts, as respects the public and third persons, will be valid.

But, not being overseer *de jure*, he is not liable, in an action at the suit of the commissioners of highways, for the penalty given by statute, for his neglect of duty as such overseer.

APPEAL from a judgment of the county court of Ontario county, reversing the judgment of a justice. The action was commenced before the justice, by the commissioners of highways of the town of Bristol, to recover the penalty given by statute, for the defendant's neglect of duty as an overseer of highways. On the trial, it was stipulated by and between the attorneys for the respective parties that the following facts should be received and read as evidence, viz: That the plaintiffs were the commissioners of highways in Bristol; that the defendant was chosen overseer of highways in road district No. 31, in said Bristol, on the 4th April, 1854, at the annual town meeting; that he was not present at such town meeting, and that his name is not on the poll list of such town meeting as a voter or otherwise; that the town clerk of said Bristol never gave the defendant any notice of his election as such overseer of highways as aforesaid; that said defendant never filed or caused to be filed, in the office of the town clerk of said town, any notice in writing to signify his acceptance of said office of overseer of highways; that he accepted his road warrant on or about the first of May, 1854, made out in good faith by the commissioners of highways, and let jobs upon said highways to certain individuals, and agreed to allow the same on the assessment; that said Phelps acknowledged to the inhabitants of his said district, that he was overseer of highways in his said district; that said Phelps had not worked out the labor assessed in said district; and that at the time of receiving said road bill he made no excuse on the ground of his not being notified as an overseer of highways, nor until after the first half of the time prescribed by the statute for working the road had expired; that on the nineteenth of August, 1854, the defendant returned the said road warrant to the plaintiffs, on the ground that he was not overseer of highways, and had no right to act, and that the plaintiffs informed him they should take advice, and if he was, they should return it to him; that they took advice and afterwards returned the said warrant to the defendant. It was also stipulated that each

party should have the same right to object to the evidence in the stipulation contained, as if the evidence had been offered from the mouths of witnesses.

The jury rendered a verdict in favor of the plaintiffs, for $10 damages, and for that sum, and costs, the justice gave a judgment; which the county court reversed, on appeal. The plaintiffs appealed to this court from the latter judgment.

*Lamb & Hicks,* for the plaintiff.

*James C. Smith,* for the defendant.

*By the Court,* E. DARWIN SMITH, J. In the stipulation, signed by the attorneys for the parties in this action, it is admitted that the defendant was duly chosen overseer of highways for road district No. 31, of the town of Bristol, at the annual town meeting held April 4th, 1854; that he was not present at said town meeting; that the town clerk never gave him any notice of his election, and that he never filed any notice of his acceptance of said office, in the office of the town clerk of said town. Before the defendant could lawfully enter upon the duties of the office it was essential that he should file in the office of the town clerk a notice in writing signifying his acceptance of such office. (*Art.* 2, *title* 3, *ch.* 11, *part* 1*st, R. S.* 345, § 17.) In section 18 it is declared that "if any person chosen to such office shall not cause such notice to be served, such neglect shall be deemed a refusal to serve." The filing of this notice of acceptance is a substitute for the oath of office in respect to a class of town officers, and is equally essential to complete the title of the officer elected to exercise the duties of the office. But coming into office under color of title by a lawful election, the acts of the defendant as such officer, as respects the public and third persons, are valid; as much so as if he had been required to take and subscribe the constitutional oath of office, and had omitted to do so. (*Weeks* v. *Ellis,* 2 *Barb. Sup. C. R.* 324. *Greenleaf* v. *Low,* 4 *Denio,*

168.) The defendant, if he proceeded to execute the duties of the office, would be an officer *de facto.* (*Id.* 7 *John.* 549; 7 *Serg. & Rawle,* 386.) This rule will apply to all acts done by the defendant as overseer of the highways of his district, because he took the road warrant and was recognized by the commissioners. Some work was done by his order, and on one or two occasions he assumed to be such overseer. But as he was clearly not overseer, *de jure;* I think he was not liable in this action. An officer *de facto* can do no valid acts, except only as third persons are interested in, or to be affected by, such acts. He can maintain no suit for fees. (*Kiddle* v. *The County of Bedford,* 7 *Serg. & Rawle,* 386.) The office, as is said by Judge Duncan, in that case, "*is void* as to the *officer,* but valid as to *strangers.*" The officer cannot protect himself, except possibly in some few cases of ministerial officers, as held in 8 *John.* 69. The defendant having no lawful authority to act as overseer of the highways, cannot be liable for omissions of duty. He might be liable to the penalty for not accepting the office, but not for omitting to act when he expressly disavowed his authority, and omitted to act because he was doubtful of his right to do so. In *Green* v. *Burke,* (23 *Wend.* 502,) one Stevenson, a *minor,* was elected constable, and made a levy under an execution, but being doubtful of his right to act, he relinquished the levy. The court held that he was an officer *de facto,* and his levy valid as respected third persons, but that he was himself a *trespasser.* The defendant could not compel any person to work out his road work, or in any way enforce compulsorily the payment of the road tax, and clearly was not bound to attempt to do so. In *Dean* v. *Gridley,* (10 *Wend.* 254,) which was an action like this, by the commissioners against the overseers, for neglect of duty, Judge Savage held that the defendant having exercised the powers of the office during the year, was liable for neglect of duty. But this was a mere question of *evidence.* He held, in effect, that reputation and acts are sufficient evidence that a party holds a particular office. He says: "To

prove a general allegation that a party holds a particular office, it is sufficient to show that he acts in that capacity." This is clearly so, when the party notoriously exercises the functions of an office, and is all that is distinctly decided in that case that bears upon this. Being satisfied that the plaintiffs were not entitled to maintain this action, on this ground, I deem it unnecessary to consider the other points in the case. The judgment of the county court should be affirmed.

Judgment affirmed.

[CAYUGA GENERAL TERM, June 7, 1858. *Johnson, Welles* and *Smith,* Justices.]