In the Matter of PETER F. VITO, Petitioner, *v.* JOSEPH C. DI CARLO, as Commissioner of Licenses of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 29, 1964.

*Samuel Resnicoff* for petitioner. *Leo A. Larkin, Corporation Counsel* (*Thomas C. Patterson* of counsel), for respondents.

JOSEPH A. BRUST, J. This is a proceeding pursuant to article 78 CPLR for an order vacating and annulling respondents' determination which dismissed petitioner from his position as license inspector.

Petitioner was a duly appointed license inspector in the Department of Licenses.

On or about February 5, 1964, respondent Commissioner of Licenses held an inquiry in his office at which petitioner was present and testified concerning certain of his activities respecting his interest in expediting an application pending before respondent for a pool and billiard parlor. Up to this point, petitioner had not been served with any stated charges or specification nor does the record show when or in what manner petitioner was summoned to the Commissioner's office for the alleged hearing on February 5, 1964. Suffice to say, however, that this alleged hearing amounted to nothing more than a preliminary inquiry by the Commissioner into certain activities of petitioner.

As appears from the papers submitted, no further action was taken until February 10, 1964 when petitioner advised the Commissioner of his resignation as license inspector, effective on February 14, 1964. On that same date petitioner was informed

by his superior that his purported resignation was unacceptable and ordered him to report for work the following morning. That same evening petitioner sent a telegram to the Commissioner reiterating his resignation and accelerating the same so as to take effect on February 10, 1964 instead of February 14, 1964.

On February 11, 1964, by letter respondent advised petitioner that his purported resignation was unacceptable and directed him to appear before the Department of Investigation on February 14, 1964. Petitioner did not so appear and was thereafter charged with misconduct, incompetence and insubordination, immediately suspended without pay and thereafter served with formal and detailed charges. Petitioner did not appear for a scheduled hearing on the afore-mentioned charges and was thereafter formally dismissed from his position as license inspector.

Petitioner contends that he had the right to resign his position in the absence of written charges and, if he had this right, his alleged dismissal on March 20, 1964 was a nullity and an idle ceremony.

Respondents in effect ask this same question and two others, to wit:

Was the conduct of the petitioner while in office free from blemish?

Were the actions of respondents in dismissing the petitioner from his position arbitrary or capricious or founded upon good reason and judgment and within the scope of legal authority?

The ultimate disposition of this proceeding does, as petitioner suggests, depend on the answer to the questions whether petitioner did have the right to resign at the time he purportedly did and, if so, was his alleged dismissal at a subsequent date a nullity.

If the court agrees with petitioner's contention, then the conduct of petitioner while in office as a license inspector is irrelevant to this proceeding and not for the court to determine at this time; the alleged dismissal becomes a nullity and the court similarly does not reach the question of the reasonableness of such dismissal.

It is clear beyond peradventure that a person has the right to resign his position and that there need be no acceptance of such resignation to give effect to it. This right to resign a public office may even be exercised pending removal proceedings (*Matter of Doering* v. *Hinrichs*, 289 N. Y. 29; *Olmstead* v. *Dennis*, 77 N. Y. 378; *Matter of Hines* v. *La Guardia*, 293 N. Y. 207; *People* v. *Harris*, 294 N. Y. 424).

The only exception to this rule is with respect to police and firemen whose resignations are governed by specific sections of the Administrative Code of the City of New York.

The sections in the Administrative Code which deal with the Department of Licenses contain no such restriction as to its employees.

Since the facts herein clearly indicate petitioner's resignation even prior to the commencement of any formal removal proceedings against him, this court must find the resignation to be effective and accordingly the subsequent dismissal becomes a nullity. The motion is therefore granted as prayed for.