JOSEPH E. HOWARD and another *v.* SPENCER DUNCAN and SMITH DUNCAN.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1870.)

One whose name is forged as maker, to a promissory note, may bind himself as such, by an unwritten ratification of the signature as his own, made after delivery of the note.

MOTION upon a case and exceptions for a new trial, heard in the first instance at General Term.

The plaintiffs sued as indorsee of a note running in the name of the defendants as joint makers, and given by Spencer Duncan, the defendant, to one Starring, on the purchase of a horse, as the consideration therefor, and payable to Starring's order.

The defendant, Smith Duncan, defended and averred that his name had been forged to the note.

Evidence was given upon the trial tending to show that, after delivery of the note to Starring, the defendant Smith Duncan, had ratified the signature by an unwritten promise

without new consideration, and promised to be bound thereby. The court charged the jury that unless they should find that the defendant, Smith Duncan, had admitted that the note was made by his authority, or was signed by him in person, they must find for the defendant, as any promise which he might have made, after delivery of the note to Starring, to make himself liable on the note, would not render him so liable.

The jury found a verdict for the defendant, and the plaintiff obtained a stay of proceedings, &c.

*T. L. Hulburt*, for the plaintiff.

*Chauncey Nash*, for the defendant.

Present — MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J. It was conceded on the trial that the defendant, Smith Duncan, had not signed the note on which the action is brought, and it was submitted to the jury to say whether, when he told Starring, the payee of the note, that it was all right, he intended thereby to admit that he had authorized his son, or any other person, to affix his name to the note, and the jury found he did not.

The only other ground upon which it can be claimed the defendant, Smith Duncan, could be made liable as maker of the note, was by ratifying or adopting the act of signing by his son or other person as his own after the transfer of the note to Starring. The judge charged the jury that he could not be made liable by such a ratification, and to this charge the plaintiffs' counsel excepted.

In the *Union Bank* v. *Mott* (33 Conn., 95) it was held that a person, whose name was signed to or indorsed upon negotiable paper without his authority, might afterward ratify the act, and thus make himself liable thereon.

In *Thorne* v. *Bell* (Lalor Supplement, 430) it was said by BRADLEY, J., that the defendant might be made liable on the forged indorsements, by ratifying them.

These are the only cases I find bearing directly on the question of ratification. I cannot perceive any reason why a person whose name has been forged may not adopt and affirm the signature as his own act, and thereby subject himself to whatever civil liability may follow from it.

I am in favor of reversing the judgment and granting a new trial, costs to abide the event.

Judgment reversed and a new trial ordered, costs to abide the event.