ELIAS L. FRANK et al., Respondents, *v.* JAMES F. D. LANIER et al., Appellants.

One who has sold, as genuine, a forged note cannot avoid his liability to refund the purchase-money, because of delay in detecting the forgery; no mere lapse of time, however long, can confirm his title to the money, if the vendee exercise reasonable diligence in giving notice of the discovery of the forgery.

Defendants in November, 1867, sold to plaintiffs four counterfeit U. S. " seven-thirty notes," which were sold by plaintiffs, on the same day, to various parties; in December, 1867, plaintiffs were notified that they were forgeries, and, on the same day, notified defendants, and demanded back the money paid. Defendants' reply was that if plaintiffs " had to pay for those notes, or brought them evidence that they were counterfeit, they would pay." In January, 1868, plaintiffs were sued for the money received by them for three of the notes; they gave notice to defendants, and requested them to defend: this they did not do. Judgment was obtained against plaintiffs in March, 1878; after the verdict therein they notified defendants of the result. Plaintiffs paid the judgment and also paid back the money received for the other note. *Held,* that defendants having been afforded an opportunity to take back the paper, or establish its value, and not having done either, could not be heard to say that it was unreasonable for the plaintiffs to await the result of a judicial determination as to the character of the paper, or, that having done so, they were not entitled to recover back the money this determination showed they had paid without consideration.

(Argued December 11, 1882; decided January 16, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made the first Monday of May, 1881, which affirmed a judgment in favor of the plaintiffs, entered upon a verdict.

This action was brought to recover of the defendants, who composed the firm of Winslow, Lanier & Co., the value of four instruments purporting to be treasury notes of the United States, commonly known as seven-thirty notes, alleged to have been sold by the defendants to the plaintiffs on or about the 22d of September, 1867, which notes were afterward discovered to be counterfeits.

At the close of the evidence on the part of the plaintiffs, which, so far as material, is set forth in the opinion, the defendants called a single witness, who proved that they received the notes in question from the First National Bank of Indianapolis, and sold them for the account of that bank, and shortly after the sale of the notes paid over the proceeds to the bank.

At the close of the evidence the defendants' counsel moved to dismiss the complaint on the grounds:  First, that the evidence was insufficient to identify the notes.  Second, that there was not sufficient proof that the notes were forged or spurious. Third, that the plaintiffs were negligent in discovering the spuriousness of the notes.  Fourth, that in respect of three notes the plaintiffs adopted them by refusing to redeem when notified of their spuriousness by parties to whom they had sold them. Fifth. The defendants were discharged and released from all liability to the plaintiffs by reason of plaintiffs' long negligence and delay in making returns of said notes to defendants after discovery or notice of their spuriousness.  Sixth, that there being no evidence of any fraud on the part of the defendants, or express warranty of the genuineness of said notes, the plaintiffs utterly failed to make out any cause of action against the defendants.  Seventh, that the defendants were discharged from all liability to the plaintiffs by reason of the plaintiffs' failure and neglect to make return or offer to make return of the said notes until after the defendants had remitted the proceeds thereof to their principal, the First National Bank of Indianapolis.  The motion to dismiss the complaint on these grounds was denied and the defendants excepted.

The court directed the jury to render a verdict for the plaintiffs of $8,464.41, in which was included the costs in the judgment obtained against plaintiffs by Budge, Shiff & Co., and the defendants' counsel duly excepted.  The General Term ordered a reversal of the judgment, unless plaintiffs stipulated to deduct the said costs, in which case it was affirmed.  Plaintiff so stipulated.

*Wm. H. Scott* for appellants.  Plaintiffs were bound to offer

to return the forged security immediately upon the discovery of the forgery, in order that the party transferring it may at once have his recourse against the party from whom he received it. (*Thomas* v. *Todd*, 16 Hill, 340; *B'k of the U. S.* v. *B'k of Georgia*, 10 Wheat. 333; *Kenny* v. *First Nat. B'k of Albany*, 50 Barb. 112; *Young* v. *Adams*, 6 Mass. 182; *Salem B'k* v. *Gloucester B'k*, 17 id. 33; *Simons* v. *Clarke*, 11 Ill. 137–141; *Bassett* v. *Brown*, 105 Mass. 551.) The rules laid down in relation to the payment by a debtor of an existing indebtedness in counterfeit bank bills, or other spurious paper, are applicable to cases of sales of public securities or bonds like that now before us. (*Thomas* v. *Todd*, 6 Hill, 340; *Bank of U. S.* v. *Bank of Georgia*, 10 Wheat. 333; *Kenny* v. *First Nat. B'k of Albany*, 50 Barb. 112; *Young* v. *Adams*, 6 Mass. 182; *Salem B'k* v. *Gloucester B'k*, 17 id. 33.) In the case of the sale of real or personal property under an implied warranty of title, the rule is well settled that the vendee may " voluntarily yield possession to a claimant, and recover against the vendor on the implied warranty of title, upon showing that the claimant had title paramount." (*Sweetman* v. *Prince*, 26 N. Y. 224; *Bordwell* v. *Collie*, 45 id. 495; *Gillmault* v. *Davis*, 4 Hill, 643; *St. John* v. *Palmer*, 5 id. 599; *Drew* v. *Towle*, 30 N. H. 537.) The right of a vendee purchasing goods or chattels with a warranty of quality, express or implied, to rescind the sale and return the goods, on account of a breach of the warranty, may be lost by failure of the vendee to return the goods within a reasonable time. (*Grimaldi* v. *White*, 4 Esp. 95; *Groning* v. *Mendham*, 1 Stark. 257; *Hopkins* v. *Appleby*, id. 477; *Milner* v. *Tucker*, 1 C. & P. 15; *Reed* v. *Randall*, 29 N. Y. 258; *Smith* v. *Mercer*, 6 Taunt. 76; *Cocks* v. *Masterton*, 9 B. & C. 908.) A waiver to be operative must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on performance of the contract, or forfeiture of the amount. (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136.) Estoppels are not favored by the law and they " must be certain to every intent, and not to be taken by argument or

inference." (Co. Litt. 352; *Dezell* v. *Odell*, 3 Hill, 215.) The promise ought to be explicit, and made out by clear and unequivocal evidence. (*Miller* v. *Hackley*, 5 Johns. 375.)

*John E. Burrill* for respondents. The judgment record in the case of Budge, Shiff & Co. against the plaintiffs was binding on the defendants in respect to the question of counterfeit character. (*Heiser* v. *Hatch*, Ct. of Appeals.) There was no negligence or unreasonable delay in the discovery of the spurious character of the notes, nor in the communication of that fact to the defendants, nor in the offer to return the notes to them. (*Burrell* v. *Watertown Co.*, 51 Barb. 112–113; *Merkle* v. *Hatfield*, 2 Johns. 455; *Canal B'k* v. *B'k of Albany*, 1 Hill, 287; 2 Parsons on Notes, 601; 2 Daniel on Neg. Instruments, § 1372; *Kent* v. *Bornstein*, 12 Allen, 342; *Third Nat. B'k* v. *Allen*, 59 Mo. 310; *Jones* v. *Ryde*, 5 Taunt. 488; *Thomas* v. *Todd*, 6 Hill, 340; *Union B'k* v. *U. S. B'k*, 3 Mass. 74; *Canal B'k* v. *Bank*, 1 Hill, 293; *Fogg* v. *Sawyer*, 9 N. H. 367; *Raymond* v. *Baar*, 13 S. & R. 318; *Townsend* v. *Bank*, 7 Wis. 185; 2 Story on Contracts [5th ed.], § 1347; *Gloucester B'k* v. *Salem B'k*, 17 Mass. 32; *U. S. B'k* v. *Georgia B'k*, 10 Wheat. 333.) There is in all sales of money securities an implied warranty of genuineness. (*Ross* v. *Terry*, 63 N. Y. 613; *Murray* v. *Judah*, 6 Cow. 484; *Otis* v. *Cullum*, 92 U. S. 447; *Littauer* v. *Goldman*, 72 N. Y. 506; *Whitney* v. *Bank*, 45 id. 303; *Bell* v. *Dagg*, 2 T. & C. 623.) An action for breach of warranty where the contract of sale has been executed may be maintained without any return or offer to return the subject of the contract. (*Rust* v. *Eckler*, 41 N. Y. 488; *Foot* v. *Bentley*, 44 id. 156.) The fact that the defendants acted as the agents of the Indianapolis Bank in the transaction is not material. (*Canal B'k* v. *Bank*, 1 Hill, 293; *Howe* v. *Buff. Co.*, 37 N. Y. 297; 1 Wait's Actions and Defences, 272–3; *Stover* v. *Flack*, 41 Barb. 162; *Hale* v. *Andrus*, 6 Cow. 225.)

DANFORTH, J. Upon the pleadings, the questions were, whether certain written instruments purporting to be obliga-

tions of the United States, known as "seventy-thirty" notes, numbered respectively 16074, 160436, 68573, 140133, were in fact sold by the defendants to the plaintiffs, and if so, were they forgeries? At the trial evidence was given by the plaintiffs upon these points, but the defendants controverted none of it, and we agree with the two courts by whom the facts in issue have been examined, that the testimony established the identity of the notes as those sold by the defendants, and it being unanswered, that there was no question upon which the opinion of the jury was necessary. The appellants, however, claim that the plaintiffs were negligent in not sooner detecting the forgery, and also in failing to return the notes. No authority is cited to the effect that one who sells as genuine, a forged note, can avoid his liability to refund because of delay by his vendee in detecting the forgery, or in giving notice of it. The duty of the vendee to make such examination, cannot be greater than was the duty of the vendor to make it, before he parted with the paper and received its price, nor will the mere lapse of time confirm his title to the purchase-money if the purchaser exercised reasonable diligence in giving notice after the forgery was ascertained. ( *Weisser* v. *Denison*, 10 N. Y. 68 ; *Bank of Commerce* v. *Union Bank*, 3 id. 230 ; *Kingston Bank* v. *Eltinge*, 40 id. 391 ; *Heiser* v. *Hatch*, 86 id. 614, opinion by FOLGER, J.) This was done. The notes were purchased on the 24th of September, 1867, and sold by the plaintiffs on the same day — the note No. 160-174 to Hatch, Foote & Co., the others to Budge, Shiff & Co. The first was redeemed at the treasury department, but afterwards found to be a forgery, and judgment recovered by the United States against Hatch, Foot & Co. The others had again changed owners, and on the 20th of December, 1867, the plaintiffs were notified that the coupons which became due in that month, were rejected by the government on the same ground. On that day the plaintiffs gave this information to the defendants, and demanded back the money paid. The reply was that if the plaintiffs "had to pay for those notes, or brought them evidence that they were counterfeit, they would

pay." On the 30th of January, 1868, Budge, Shiff & Co. sued these plaintiffs for money paid by them for the three notes and they gave notice to the defendants herein of that action, and requested them to defend. They did not do so. Budge, Shiff & Co. obtained judgment in their suit March 26, 1878. After the verdict and before entry of judgment plaintiffs notified defendants of the decision against them. The plaintiffs were also sued for like cause by Hatch, Foote & Co., to recover the money paid for note No. 160174, and the plaintiffs after the entry of said judgment paid them and also the holders of the other notes. This was sufficient. The defendants were afforded an immediate opportunity either to take back the paper, or establish its value. Failing to do either, they cannot be heard to say that it was unreasonable for their vendees, to await the result of a judicial determination as to the character of the paper, before taking it back, or that having done so, they are not now entitled to the money which that determination shows was obtained from them without consideration. As we concur with the General Term upon these propositions — decisive of the case — it is unnecessary to add more.

The judgment appealed from should be affirmed.

All concur except RAPALLO, J., absent.

Judgment affirmed.