TITLE GUARANTEE & TRUST CO. v. HAVEN et al.

(Supreme Court, Appellate Division, First Department.    June 5, 1908.)

1. BILLS AND NOTES—ACCEPTANCE—ESTOPPEL OF DRAWEE TO DENY GENUINE-
NESS—FORGERY OF SIGNATURE OF DRAWER.

It is incumbent upon the drawee of a bill to be satisfied that the sig-
nature of the drawer is genuine, as he is presumed to know the drawer's
handwriting; and, if the drawee accepts or pays a bill to which the
drawer's name has been forged, he can neither repudiate the acceptance,
nor recover the money paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes,
§ 127.]

2. BANKS AND BANKING—PAYMENT OF CHECKS—FORGERY OF SIGNATURE OF
DRAWER—RECOVERY OF PAYMENT.

Under Negotiable  Instrument Law, Laws 1897, p. 734, c. 612, § 112,
a bank which pays a check purporting to be drawn on it by one of its
depositors guarantees the existence of the drawer, the genuineness of
his signature, and his capacity and authority to draw the instrument,
and, where such signature is forged, cannot recover back the amount
from the person to whom it was paid, although the position of the
parties to such person has not changed in any respect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Bank-
ing, §§ 447–449.]

3. MUNICIPAL CORPORATIONS—ASSESSMENTS FOR STREET IMPROVEMENTS—PAY-
MENT—VOLUNTARY PAYMENT—FORGED CHECK PAID BY BANK—SUBROGA-
TION.

A check on plaintiff bank, purporting to be drawn by one of its de-
positors, for the amount of an assessment for street improvements on
property of defendants which they had contracted to convey free of in-
cumbrances, was delivered to the collector of assessments of the city in
payment of the assessment, without defendants' request or knowledge,
and the assessment was discharged of record.    Defendants thereafter
conveyed the property as provided in their contract, and received the
purchase price.    Plaintiff paid the check and charged the amount to its
depositor, but, on afterward discovering that the signature thereto was
a forgery, restored the amount to the credit of the account.    *Held* that,
as plaintiff had no claim against the city for the amount of the check
paid, it could not be subrogated to any right of the city, and was not
entitled to subrogation to the lien of the assessment on the property or
on the consideration received by defendants for the sale thereof.

4. MONEY PAID—RECOVERY—FORGED CHECK PAID BY BANK.

As plaintiff's payment of the check was purely voluntary, and it was
estopped from denying the signature of its depositor, it could acquire
no rights thereby against the person to whom payment was made or any
person interested in sustaining the payment as valid; and hence it could
not recover the amount from defendants, although the effect of the pay-
ment was to discharge the lien of the assessment on their property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Money Paid,
§ 13.]

Houghton and Laughlin, JJ., dissenting.

Appeal from Judgment on Report of Referee.

Action by the Title Guarantee & Trust Company against Fanny
Arnot Haven and another.    From a judgment dismissing the com-
plaint, plaintiff appeals.    Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN,
HOUGHTON, and SCOTT, JJ.

111 N.Y.S.—20

Harold Swain, for appellant.
John Vernon Bouvier, Jr., for respondents.

INGRAHAM, J. The issues in this case were referred to a referee for trial, who made his report upon which judgment was entered, and the plaintiff appeals from that judgment upon the judgment roll.

There is no dispute, therefore, about the facts. The referee found that there was imposed upon certain lands described in the complaint which were owned by one Marianna A. Ogden, prior to September 28, 1904, an assessment by the city of New York for regulating and grading Aqueduct avenue from Lind avenue to Kingsbridge, which was entered and confirmed on August 5, 1903, mounting to $9,953.-83 and interest thereon; that Marianna A. Ogden died on the 28th day of September, 1904, leaving a last will and testament by which she devised the said property to the defendants as tenants in common, the said premises then being subject to said assessment; that on November 22, 1902, these defendants entered into a contract to sell this property, free and clear of all liens and incumbrances, for $388,000; that on the 26th day of November, 1904, the plaintiff, a trust company, located in the city of New York, had on deposit with it to the credit of the estate of Andrew H. Green a sum of money in excess of $9,953.83, which deposit was subject to a check drawn by William O. Green, trustee; that on the 26th day of November, 1904, some person drew a check which was signed, "Estate of Andrew H. Green, William O. Green, Trustee," upon the plaintiff to the order of the collector of assessments and arrears of New York City for the sum of $9,953.83, and on the 28th day of November, 1904, delivered said check to said collector of assessments and arrears, with an additional sum for the interest thereon accrued in payment of said assessment and interest thereon, and that the said collector received the said check and additional sum in payment of the assessments, and discharged the said assessments of record; that on or about November 28, 1904, the plaintiff paid the said check to the Twenty-Third Ward Bank, in which it had been deposited to the credit of the chamberlain of the city of New York and charged the same to its depositor in account; that the plaintiff believed the signature of the drawer of the said check to be the genuine signature of the said William O. Green; that the check was not signed by William O. Green, and the signature thereto of William O. Green was a forgery; that on the 22d day of December, 1904, the defendants conveyed the lands mentioned in the complaint as provided for in its contract of November 22, 1904, to the vendees, and received from them the purchase price over and above the amount paid upon the execution of the contract, to wit, $349,200; and that on April 6, 1905, pursuant to a demand made upon it by the said William O. Green, the plaintiff restored to the credit of the said Green's deposit account the said sum of $9,953.83 paid by it on the faith of the said check. The referee found as a conclusion of law that the plaintiff, by the payment of the check, admitted the existence of the drawer, the

genuineness of his signature, and his capacity and authority to draw the instrument; that, when it paid the check to the indorsee of the payee, it had no right to pursue and reclaim the money in the hands of the party to whom it paid it and which had changed its position in consequence of such payment; that the check before its payment had been applied in payment of assessments on land belonging to the defendants without the defendants' request or knowledge does not give the plaintiff any claim of subrogation to the lien of the assessments upon the land, or upon the consideration for the sale thereof received by the defendants from the purchasers thereof, nor to recover the money from the defendants; and directed judgment dismissing the complaint.

The substantial fact upon which the plaintiff claims relief is that the city of New York had a lien upon certain real property for an assessment for a street improvement; that in payment of that assessment the city received a check which purported to be drawn on the plaintiff by one of its depositors; that they presented that check to the plaintiff, who paid it. The plaintiff guaranteed when it paid the check the existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the instrument. Negotiable Instrument Law, Laws 1897, § 112, c. 612, p. 734. In Nat. Park Bank v. Ninth Nat. Bank, 46 N. Y. 77, the rule was thus stated:

"For more than a century it has been held and decided, without question, that it is incumbent upon the drawee of a bill, to be satisfied that the signature of the drawer is genuine, that he is presumed to know the handwriting of his correspondent; and, if he accepts or pays a bill to which the drawer's name has been forged, he is bound by the act, and can neither repudiate the acceptance nor recover the money paid."

And, speaking of Price v. Neal, 3 Burrows, 1354, it was said:

"But as applied to the case of a bill to which the signature of the drawer is forged, accepted, or paid by the drawee, its authority has been uniformly and fully sustained, and the rule extends as well to the case of a bill paid upon presentment, as to one accepted and afterwards paid."

Applying this principle, the plaintiff, having paid the check, could not have recovered it back from the city of New York, or from the collectors of assessments and arrears, although the position of the parties to the person to whom the draft had been paid was not in any respect changed. As the plaintiff could make no claim against the city of New York, it could not well be subrogated to any right that the city had against a third person by way of subrogation. It was purely voluntary payment by the plaintiff, and, if the effect of it was to discharge taxes upon the defendant's property, the plaintiff could acquire no greater right against the owner of the property than he could have acquired if the owners of such property themselves had presented the check to the plaintiff and the plaintiff had paid the check. As against the defendants and all persons interested in the payment of the check, the plaintiff is estopped from denying the signature of its depositor of the check, and could acquire no rights against either the person to whom it was paid or any person having an interest in sustaining the payment of the check as a valid payment

by the plaintiff to the person presenting it for payment and receiving payment thereof.

I think, therefore, the judgment appealed from must be affirmed, with costs.

McLAUGHLIN and SCOTT, JJ., concur.

HOUGHTON, J. (dissenting). I think the plaintiff is entitled to recover upon the plain principle that by mistake it paid money to defendants' use.

Although the assessments upon the real property devised to the defendants were levied in the lifetime of the defendants' testator, they were for street improvements, and hence defendants could not demand that their testator's estate pay them. Matter of Hun, 144 N. Y. 472, 39 N. E. 376. The assessments were a lien on the real property devised, which the defendants alone were bound to pay or suffer the loss of their property. Some person, not disclosed, forged the name of one of plaintiff's depositors to a check payable to the city for the purpose of paying these assessments. The plaintiff paid the check under the mistaken belief that the purported signature of its depositor was genuine, and the assessments against defendants' lands were thus discharged. If the defendants themselves had forged the check, there would have been no doubt of plaintiff's right to recover. Money paid to the forger on a forged instrument can always be recovered back by the person paying it. Frank v. Lanier, 91 N. Y. 112; 2 Daniel, Neg. Inst. § 1369. One can adopt the unauthorized act of an agent in signing his name, and he can also adopt a forgery of his signature. Howard v. Duncan, 3 Lans. 174; 2 Daniel, Neg. Inst. § 1352a. The plaintiff paid the money either by mistake, excusable or inexcusable, as the fact may be, or because it was induced to do so by fraud practiced by means of a forged check. The defendants cannot hold the benefit of the money paid by mistake if it was excusable, nor can they appropriate the fruits of the fraud without becoming liable. It seems to me that Hathaway v. County of Delaware, 185 N. Y. 368, 78 N. E. 153, is conclusive authority upon defendants' liability. In that case a former county treasurer was indebted to the county, and by a forged note he induced the plaintiff to pay his indebtedness, and it was held that the county must restore the money. In the present case, by means of a forged check, a lien upon defendants' property was paid and satisfied.

Section 112 of the negotiable instrument law, upon which the referee based his decision, has nothing to do with the question. Of course, the plaintiff could not recover the money back from an innocent holder of the check. It could recover it, however, from the forger, or one who adopts the forger's acts or accepts the benefit of the forgery.

The form of the action is misconceived. The plaintiff could not be subrogated to the rights of the city. The complaint, however, states all the facts, and, in addition to subrogation, asks that it be adjudged that the defendants pay as for money had and received to their benefit. The action was decided on a wholly erroneous theory,

and without passing upon the question as to whether or not the plaintiff was so negligent in making the payment that it cannot recover.

In my view the judgment should be reversed and a new trial granted.

LAUGHLIN, J., concurs.

PER CURIAM.    Judgment affirmed, with costs.